# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6236 | **DATE** | November 9, 2007 |
| **CASE TITLE** | *Green v. Bel-Air Hotel* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the plaintiff's complaint is dismissed without prejudice for lack of subject matter jurisdiction. The plaintiff's motions to proceed in forma pauperis [3-1] and for appointment of counsel [4-1] are therefore denied as moot. The clerk is directed to terminate this case from the court's docket.

■[ For further details see text below.]

00:00

## STATEMENT

      Pro se plaintiff Gregory Green seeks leave to proceed in forma pauperis. This court has the power to screen complaints filed by all litigants prior to service, regardless of their fee status, and must dismiss a complaint if it fails to state a claim. 28 U.S.C. § 1915(e)(2)(B); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Moreover, this court must ascertain whether it has jurisdiction to hear this case. *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003)("inquiring whether the court has jurisdiction is a federal judge's first duty in every case"). Because Mr. Green is proceeding pro se, the court has construed his filings liberally.

      Mr. Green generally alleges dismal conditions at the defendant Bel-Air Hotel, where he has been residing since June 2007. These conditions include, among other things, general disrepair such as malfunctioning door knobs, locks, and light switches, overheated rooms, bugs, and finally, stolen personal items including a $900 bike. According to Mr. Green, these conditions caused him to suffer mental anguish, physical exhaustion and emotional stress. Mr. Green asks to be reimbursed approximately $3,000 for money he had to spend on lighting, a new bike, insecticides, and a security chain with a lock. He also seeks $20,000 in inconvenience, mental anguish, emotional stress, disrespect and endangerment to his health. Mr. Green cites to no federal statute in support of his request for relief nor can the court fathom one. Thus, the court assumes that he is attempting to plead an Illinois state law cause of action.

      Federal courts have jurisdiction over a civil action between citizens of different states. See 28 U.S.C. § 1332. It is not clear what state Mr. Green is a citizen of as he does not allege it; however, he has listed his current address as being in Chicago, Illinois. Further, based on the court's review of public documents, it has ascertained that the Bel-Air Hotel appears to have only one location on Diversey Avenue in Chicago, Illinois. Thus, the parties are not diverse as they both appear to be citizens of Illinois. Even assuming that Mr. Green is not a citizen of Illinois (and thus, the parties are of diverse citizenship), Mr. Green's complaint fails to allege facts supporting the required amount in controversy of $75,000. Thus, diversity jurisdiction does not exist. As such, Mr. Green's action is dismissed, without prejudice, and his petition to proceed in forma pauperis and motion for appointment are also denied. Mr. Green must pursue any claim in state court.

RH/p